UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

  E.D. YOUNG, INC.,

                            Debtor.

Chapter 7
Case No. 04-14965

PAUL A. LEVINE, CHAPTER 7 TRUSTEE,

                            Plaintiff,

           - against –

REXEL, INC., WESCO DISTRIBUTION, INC.,
DRAGON BENWARE CROWLEY & COMPANY,
P.C., SOUTHWORTH-MILTON, INC.,
SYRACUSE UTILITIES, INC., NASCO AWNING
& SIGN CO. (as successor and/or f/k/a
NORTHERN AWNING & SIGN CO.)

                            Defendants.

ADVERSARY PROCEEDING
COMPLAINT

Adv. Proc. No.

     Paul A. Levine, Esq., Chapter 7 Trustee of the Debtor in the captioned case, through his attorneys Lemery Greisler LLC, respectfully represents:

     1.     Plaintiff, PAUL A. LEVINE, ESQ., is the duly qualified and acting Chapter 7 Trustee of the estate of the debtor named in the caption.

     2.     This adversary proceeding arises in the Chapter 7 case of Debtor, E.D. YOUNG, INC., which is pending in this Court. This court has jurisdiction over this adversary proceeding under 28 U.S.C. §§157 and 1334, and 11 U.S.C. §547. This is a core proceeding under 28 U.S.C. §157(b)(2)(F).

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST REXEL, INC.**

3. REXEL, INC. ("REXEL") is a New York corporation doing business in the State of New York with a place of business located at 6606 LBJ Freeway, Suite 200, Dallas, Texas and may be served at such address.

4. Between May 1, 2004 and July 30, 2004, and within 90 days of the filing of the petition in this bankruptcy case, Debtor transferred to Defendant REXEL, an unsecured creditor, Twenty One Thousand Eight Hundred Twenty Nine and 67/100 Dollars ($21,829.67).

5. Upon information and belief, the payments were made for and on account of an antecedent debt owed by Debtor to Defendant REXEL.

6. At the time of the transfers constituting said payments, Debtor was insolvent.

7. The payments made by Debtor to Defendant REXEL enabled REXEL to receive more than it would have received under Chapter 7 of the Bankruptcy Code if the payments had not been made.

8. By reason of the foregoing and pursuant to 11 U.S.C. §§547(b) and 550(a)(1), Defendant REXEL is liable to Plaintiff in the sum of Twenty One Thousand Eight Hundred Twenty Nine and 67/100 Dollars ($21,829.67).

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST**
**WESCO DISTRIBUTION, INC.**

9. WESCO DISTRIBUTION, INC. ("WESCO") is a foreign corporation doing business in the State of New York with a place of business located at 225 West Station Square Drive, Suite 700, Pittsburgh, Pennsylvania, 15219 and may be served at such address.

10. Between May 1, 2004 and July 30, 2004, and within 90 days of the filing of the petition in this bankruptcy case, Debtor transferred to Defendant WESCO, an unsecured creditor, Fifteen Thousand Seven Hundred Four and 10/100 Dollars ($15,704.10).

11. Upon information and belief, the payments were made for and on account of an antecedent debt owed by Debtor to Defendant WESCO.

12. At the time of the transfers constituting said payments, Debtor was insolvent.

13. The payments made by Debtor to Defendant WESCO enabled WESCO to receive more than it would have received under Chapter 7 of the Bankruptcy Code if the payment had not been made.

14. By reason of the foregoing and pursuant to 11 U.S.C. §§547(b) and 550(a)(1), Defendant WESCO is liable to Plaintiff in the sum of Fifteen Thousand Seven Hundred Four and 10/100 Dollars ($15,704.10).

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DRAGON BENWARE CROWLEY & CO., PC.

15. DRAGON BENWARE CROWLEY & CO., PC ("DRAGON") is a New York professional corporation doing business in the State of New York with a place of business located at 215 Washington Street, Watertown, NY 13601 and may be served at such address.

16. Between May 1, 2004 and July 30, 2004, and within 90 days of the filing of the petition in this bankruptcy case, Debtor transferred to Defendant DRAGON, an unsecured creditor, Three Thousand One Hundred Forty Three and 77/100 Dollars ($3,143.77).

17. Upon information and belief, the payment were made for and on account of an antecedent debt owed by Debtor to Defendant DRAGON.

18. At the time of the transfers constituting said payments, Debtor was insolvent.

19. The payments made by Debtor to Defendant DRAGON enabled DRAGON to receive more than it would have received under Chapter 7 of the Bankruptcy Code if the payment had not been made.

20. By reason of the foregoing and pursuant to 11 U.S.C. §§547(b) and 550(a)(1), Defendant DRAGON is liable to Plaintiff in the sum of Three Thousand One Hundred Forty Three and 77/100 Dollars ($3,143.77).

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST SOUTHWORTH-MILTON, INC.

21. SOUTHWORTH-MILTON, INC. ("SOUTHWORTH") is a foreign corporation authorized to do business in the State of New York with a place of business located at 100 Quarry Drive, Milford, Massachusetts 01757 and may be served at such address.

22. Between May 1, 2004 and July 30, 2004, and within 90 days of the filing of the petition in this bankruptcy case, Debtor transferred to Defendant SOUTHWORTH, an unsecured creditor, One Thousand Seven Hundred Forty Two and 81/100 Dollars ($1,742.81).

23. Upon information and belief, the payment were made for and on account of an antecedent debt owed by Debtor to Defendant SOUTHWORTH.

24. At the time of the transfers constituting said payments, Debtor was insolvent.

25. The payments made by Debtor to Defendant SOUTHWORTH enabled SOUTHWORTH to receive more than it would have received under Chapter 7 of the Bankruptcy Code if the payment had not been made.

26. By reason of the foregoing and pursuant to 11 U.S.C. §§547(b) and 550(a)(1), Defendant SOUTHWORTH is liable to Plaintiff in the sum of One Thousand Seven Hundred Forty Two and 81/100 Dollars ($1,742.81).

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST SYRACUSE UTILITIES, INC.

27. SYRACUSE UTILITIES, INC. ("SYRACUSE") is a New York corporation authorized under the laws of the State of New York with a place of business located at Po Box 587, 9583 Brewerton Road, Brewerton, New York 13029-0587 and may be served at such address.

28. Between May 1, 2004 and July 30, 2004, and within 90 days of the filing of the petition in this bankruptcy case, Debtor transferred to Defendant SYRACUSE, an unsecured creditor, One Thousand Two Hundred Dollars ($1,200.00).

29. Upon information and belief, the payment were made for and on account of an antecedent debt owed by Debtor to Defendant SYRACUSE.

30. At the time of the transfers constituting said payments, Debtor was insolvent.

31. The payments made by Debtor to Defendant SYRACUSE enabled SYRACUSE to receive more than it would have received under Chapter 7 of the Bankruptcy Code if the payment had not been made.

32. By reason of the foregoing and pursuant to 11 U.S.C. §§547(b) and 550(a)(1), Defendant SYRACUSE is liable to Plaintiff in the sum of One Thousand Two Hundred Dollars ($1,200.00).

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST NASCO AWNING & SIGN CO.
### (as successor and/or f/k/a NORTHERN AWNING & SIGN CO)

33. NORTHERN AWNING & SIGN CO. was at all relevant times and is a New York corporation authorized under the laws of the State of New York with a place of business located at 22568 Fisher Road, Watertown, New York 13601 and may be served at such address.

34. NASCO AWNING & SIGN CO. is the successor to and/or is formerly known as NORTHERN AWNING & SIGN CO.

35. NASCO AWNING & SIGN CO. and NORTHERN AWNING & SIGN CO. are collectively referred to herein as "NASCO."

36. Between May 1, 2004 and July 30, 2004, and within 90 days of the filing of the petition in this bankruptcy case, Debtor transferred to Defendant NASCO, an unsecured creditor, Three Hundred Four and 77/100 Dollars ($304.77).

37. Upon information and belief, the payment were made for and on account of an antecedent debt owed by Debtor to Defendant NASCO.

38. At the time of the transfers constituting said payments, Debtor was insolvent.

39. The payments made by Debtor to Defendant NASCO enabled NASCO to receive more than it would have received under Chapter 7 of the Bankruptcy Code if the payment had not been made.

40. By reason of the foregoing and pursuant to 11 U.S.C. §§547(b) and 550(a)(1), Defendant NASCO is liable to Plaintiff in the sum of Three Hundred Four and 77/100 Dollars ($304.77).

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants and in favor of Plaintiff as follows:

a. As and for Plaintiff's First Cause of Action, a judgment against Defendant REXEL, INC. in the amount of Twenty One Thousand Eight Hundred Twenty Nine and 67/100 Dollars ($21,829.67), together with Plaintiff's costs and disbursements, and such other and further relief as to this Court seems just and proper.

b. As and for Plaintiff's Second Cause of Action, a judgment against Defendant WESCO DISTRIBUTION, INC. in the amount of Fifteen Thousand Seven Hundred Four and 10/100 Dollars ($15,704.10), together with Plaintiff's costs and disbursements, and such other and further relief as to this Court seems just and proper.

c. As and for Plaintiff's Third Cause of Action, a judgment against Defendant DRAGON BENWARE CROWLEY & COMPANY PC. in the amount of Three Thousand One Hundred Forty Three and 77/100 Dollars ($3,143.77), together with Plaintiff's costs and disbursements, and such other and further relief as to this Court seems just and proper.

d. As and for Plaintiff's Forth Cause of Action, a judgment against Defendant SOUTHWORTH-MILTON, INC. in the amount of One Thousand Seven Hundred Forty Two and 81/100 Dollars ($1,742.81), together with Plaintiff's costs and disbursements, and such other and further relief as to this Court seems just and proper.

e.      As and for Plaintiff's Fifth Cause of Action, a judgment against Defendant SYRACUSE UTILITIES, INC. in the amount of One Thousand Two Hundred Dollars ($1,200.00), together with Plaintiff's costs and disbursements, and such other and further relief as to this Court seems just and proper.

f.      As and for Plaintiff's Sixth Cause of Action, a judgment against Defendant NASCO AWNING & SIGN CO. (as successor and/or f/k/a NORTHERN AWNING & SIGN CO.) in the amount of Three Hundred Four and 77/100 Dollars ($304.77), together with Plaintiff's costs and disbursements, and such other and further relief as to this Court seems just and proper.

Dated: February 16, 2007
      Albany, New York

Respectfully submitted,

LEMERY GREISLER LLC

 /s/Scott R. Almas
By:  Scott R. Almas, Esq.
Attorney for Plaintiff
PAUL A. LEVINE, ESQ.
      as Chapter 7 Trustee
50 Beaver Street, 2nd Floor
Albany, New York  12207
(518) 433-8800 Phone
(518) 433-8823 Office Fax
(518) 514-1113 Direct Fax